UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEFFERY JOHNSON                                                                       PLAINTIFF

v.                                                CIVIL ACTION NO. 3:22-cv-P602-JHM

NURSE TINGLER *et al.*                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Jeffery Johnson filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is now before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff was a convicted inmate at the Kentucky State Reformatory (KSR) at the time of the alleged events and has since been transferred. He sues Nurse Practitioner Tingler, Dr. Fortwegler, and "Wellpath/CCS." He sues Defendants Tingler and Fortwegler in their individual and official capacities.

Plaintiff states that in January 2021 Defendant Fortwegler "prescribed Naproxin an NSAID at the same time as the diabetic medication Glipzide witch 'can not' be taken together." He further states as follows:

> Then Nurse Practitioner Tingler & Dr. Fortwegler started in January overdosing me on NSAIDs at 2 times the 'max' daily dose of NSAIDs (Naproxin & Ibruprofin) . . . while at the same time on the diabetic medication Glipzide recelassly endangering my life and interfering with my diabetic treatment that had been prescribed.

He asserts, "They continued to over dose me on NSAIDS at 2 times the 'max' daily dose while on the diabetic medication Glipzide which 'CAN NOT' be taken together for months." He states that he was also told by non-Defendant medical providers to "purchase NSAID ibuprofen off canteen

while on Glipzide." Plaintiff alleges, "I have suffered physical injury and damage to my inturnal organs and they state & acknowledge so by the healthcare grievance committee and I quote labs show 'no critical lab values' further acknowledging abnomalys in my lab work yet I'm sh***ing 'blood' for months . . . ." He maintains that Defendants "know or should know with their extensive medical knowledge and medical training that I 'can not' be given all those medication together and NSIDS at 2 times the 'max' daily dose."

Plaintiff states that Defendants "know and have subjective knowalage of the risk and the risk is plainly foreseeable to any reasionable prison official, layperson, or factfinder that physical harm would occur from the very fact that the risk is 'obvious.'" He attaches to his complaint grievances, medical records, "documentation from the American with Diabetes Association for diabetic health care in prisons which the defendants interfered with[,]" and "documentation from Drugs.com of the 'obvious' that the defendants know should know with their extensive medical training and knowledge."

Plaintiff alleges that Defendants violated the Eighth Amendment to the U.S. Constitution, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). He also states that Defendants have violated "their own health, safty, & medical policys as well as the hypocritic oath they to took to 'not' cause harm[,]" and he alleges negligence.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Official-capacity claims and claims against Defendant "Wellpath/CCS"

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's claims against Defendants Tingler and Fortwegler are actually brought against their employer, Defendant "Wellpath/CCS." Wellpath and CCS, which the Court construes to be Correct Care Solutions, are private entities that contract with the Kentucky Department of Corrections to

3

provide medical services to inmates. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath or CCS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Thus, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that Defendants acted pursuant to a custom or policy of Wellpath or CCS. He alleges incidents affecting only him. Accordingly, Plaintiff's official-capacity claims against Defendants Tingler and Fortwegler and his claims against Defendant "Wellpath/CCS" must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

### 1. Eighth Amendment

An Eighth Amendment claim of deliberate indifference to a prisoner's medical needs has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 527, 837-47 (1994)). "Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 F. App'x 829, 831 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 835-36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).

The standard applied in reviewing the actions of prison doctors and medical staff in this type of case is deferential. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

5

*Id.* Thus, a court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment between an inmate and prison medical personnel cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). An inmate's disagreement with medical staff over the proper medical treatment "alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) (citations omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The complaint and attachments make clear that Plaintiff was not denied medical treatment but received treatment for his diabetes and other medical conditions. Plaintiff argues that it was "obvious" that Defendants should not have allowed him to take both his diabetes medication and ibuprofen or naproxen at the same time and attaches two pages from the website Drugs.com in support of the argument. In regard to the interaction between his diabetes medication, Glipizide, and either naproxen or ibuprofen, the website classifies the risk of drug interaction to be "Moderate" and states:

> Using [naproxen or ibuprofen] together with insulin or certain other diabetes medications may increase the risk of hypoglocemia, or low blood sugar. Symptoms of hypoglycemia include headache, dizziness, drowsiness, nervousness, confusion, tremor, nausea, hunger, weakness, perspiration, palpitation, and rapid heartbeat. Talk to your doctor if you have any questions or concerns. You may need a dose adjustment or more frequent monitoring of your blood sugar to safely use both medications. It is important to tell your doctor about all other medications you use, including vitamins and herbs. Do not stop using any medication without first talking to your doctor.

(DN 1-1, PageID.63-64). Plaintiff's attachment to the complaint shows that the medications can

6

in fact be prescribed at the same time within the medical judgment of a doctor. The Court finds that Plaintiff's deliberate indifference claims are based upon a disagreement with Defendants' medical judgment. Generally, "[a] doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference." *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018); *see also Loyd v. Hacker*, No. CV 6:21-53-WOB, 2021 U.S. Dist. LEXIS 70240, at *4 (E.D. Ky. Apr. 12, 2021) ("[A]llegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context.").

Moreover, while Plaintiff's dispute with the dosage of medication he was receiving may amount to medical negligence, it does not rise to the level of grossly inadequate care. *See Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (internal quotation marks omitted); *Hall v. Tyszkiewicz*, 28 F. App'x 493, 495 (6th Cir. 2002) ("Hall's disagreement with the defendants' medical judgment concerning the proper medication and medical aids for his condition does not evidence deliberate indifference."); *Williams v. Hardin Cnty. Det. Ctr.*, No. 3:16CV-P186-GNS, 2019 U.S. Dist. LEXIS 54189, at *26 ("[The plaintiff's] complaints, including those about the dosage of Depakote he was prescribed, may sound in state tort law, but negligence is not sufficient to state an Eighth Amendment claim.") (citation omitted); *Cameron v. Kentucky*, No. 4:18CV-P72-JHM, 2018 U.S. Dist. LEXIS 204662, *8-9 (W.D. Ky., Nov. 30, 2018) ("[The plaintiff's] allegations concerning his insulin dosage amount to a difference of opinion over the adequacy of the treatment he is receiving. The Court will not second guess the judgment made by the jail's medical staff.").

For these reasons, Plaintiff's claims of deliberate indifference to his serious medical needs must be dismissed for failure to state a claim upon which relief may be granted.

### 2. ADA and RA

In regard to Plaintiff's claims under the ADA and RA, Plaintiff disputes the treatment he received, but he fails to allege facts showing that Defendants discriminated against him on the basis of an alleged disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.")); *see also Baldridge-El v. Gundy*, No. 99-2387, 2000 U.S. App. LEXIS 29195, at *6 (6th Cir. Nov. 8, 2000) ("[N]either the RA nor the ADA provide a cause of action for medical malpractice.") (citation omitted).

Therefore, Plaintiff's claims under the ADA and RA must be dismissed for failure to state a claim.

### 3. Violation of prison policy and Hippocratic oath

In as much as Plaintiff argues that Defendants violated "their own health, safty, & medical policys[,]" failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Moreover, violation of the Hippocratic oath does not give rise to a

constitutional claim. *Miller v. Edger*, No. 1:22-cv-306, 2022 U.S. Dist. LEXIS 75885, at *12 (W.D. Mich. Apr. 26, 2022).

Therefore, Plaintiff's claims based on violation of prison policies and the Hippocratic oath must be dismissed for failure to state a claim.

### B. State-law claims

To the extent Plaintiff alleges medical malpractice or other state-law claims, the Court has determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed. This Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

### IV.

Accordingly, the Court will enter a separate Order dismissing the action.

Date: June 22, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010